UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CAPPS,<br><br>  Petitioner,<br><br>  v.<br><br>JAMES HILL, Warden,<br><br>  Respondent. | No. 2:25-cv-1047 WBS AC<br><br><br>ORDER |

    Petitioner is a California state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the petition filed on April 8, 2025, which challenges petitioner's 2022 conviction on multiple counts of lewd and lascivious acts with a child and related offenses. ECF No. 1. On September 4, 2025, two months after the petition was fully briefed and submitted for decision, petitioner filed a motion to stay pending exhaustion. ECF No. 13. Primarily because respondent had not asserted the defense of non-exhaustion, but on the contrary had acknowledged that all three claims of the federal petition were exhausted, the undersigned denied the motion as unnecessary. ECF No. 16. Petitioner has now filed a motion for reconsideration, directed to the undersigned. ECF No. 18.

    The motion for reconsideration will be denied. While the court has discretion to reconsider and vacate a prior order, <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored and are not the place for parties to make new

1

arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Here the motion for reconsideration seeks a stay for a different purpose and on different grounds than the initial motion.

The motion for a stay expressly sought to exhaust remedies as to all three of the claims already set forth in the federal petition, ECF No. 13 at 3, but failed to explain why those claims were unexhausted or what further exhaustion was desired. The legal and factual bases of all three claims, as identified in the federal petition, had previously been presented on direct appeal. Petitioner gave no explanation of why he thought he needed to return to state court with an application for a writ of habeas corpus. As respondent pointed out in opposing the motion for a stay, the only factual matter in the federal petition that had not been part of the record on appeal was an unsigned declaration, ECF No. 1-2 at 17-18. The undersigned noted that the declaration would be disregarded in any event because unsigned, ECF No. 16 at 1 n.1, but as the court's subsequent review of the petition reflects,[1] it does not proffer facts sufficient to support relief even if it is considered. Accordingly, exhaustion for the sole purpose of presenting that declaration to state court is unnecessary and would be futile.[2] In any event, the motion for a stay did not identify any expanded factual predicates for existing claims that required exhaustion of state court remedies—or would even have permitted this court to determine whether further exhaustion was necessary and appropriate. The motion was therefore denied.

The instant motion for reconsideration "clarifies" that petitioner seeks to further exhaust Claim One (ineffective assistance of counsel), the factual basis of which was not before the state court on appeal and is contained in "the now-signed declaration." ECF No. 18 at 3. This not a clarification, it is an entirely different position. Petitioner continues:

> Claim One of the petition alleges ineffective assistance of trial counsel for failing to object to social distancing of jurors, failing to object to inadmissible hearsay, and failing to prevent the jury from learning of Petitioner's custodial status. These allegations are materially supported by Petitioner's sworn declaration, which was

---

[1] See Findings and Recommendations issued contemporaneously with this Order.
[2] Moreover, the arguments under Kelly and Rhines, especially as to relation back, were incomprehensible in the absence of identified unexhausted claims or expanded factual predicates for claims.

2

> not presented on direct appeal, and was previously filed in this Court in unsigned form. Petitioner now submits a signed copy (attached as Exhibit A), which cures the procedural defect and demonstrates that the factual basis of Claim One differs from what was presented on direct review.

Id.

Exhibit A to the motion for reconsideration, however, is not a signed copy of the declaration filed in support of the petition, which indeed addresses (albeit in conclusory terms) counsel's failure to address the distancing of jurors in the courtroom, failure to make hearsay objections, and failure to prevent the jury from learning of petitioner's custodial status. See ECF No. 1-2 at 17-18 (Exhibit C to petition). The newly submitted declaration deals with entirely different issues, none of which are mentioned in the federal petition, and it bears no resemblance to the original declaration or to petitioner's description of the factual basis he wishes to exhaust. See ECF No. 18 at 10-11. To the extent if any that petitioner wishes to exhaust a new and different ineffective assistance of counsel claim on the basis of this exhibit (a position contrary to counsel's representation in the motion for reconsideration), the declaration is dated July 7, 2025, and therefore was available to be presented to this court with the original motion for a stay. Accordingly, it does not support reconsideration. See Northwest Acceptance, 841 F.2d at 925-26.[3]

In sum, the motion for a stay was properly denied and petitioner has identified no cognizable basis for reconsideration of that order. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (reconsideration of prior order appropriate only if court is presented with newly discovered evidence, has committed clear error,

---

[3] Moreover, an ineffective assistance claim based on acts or omissions of counsel not identified in the initial petition would not "relate back" to the original claims. See Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (relation back applies where claims arise from same facts); see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance."); United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction).

or there has been an intervening change in the controlling law).  The motion for reconsideration, ECF No. 18, is therefore DENIED.

DATED: December 1, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE